NOT DESIGNATED FOR PUBLICATION

No. 120,424

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SARAH ZOE JAILLITE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; JAMES R. MCCABRIA, judge. Opinion filed December 13, 2019. Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

MALONE, J.:  Sarah Zoe Jaillite appeals the district court's decision to revoke her probation because she committed a new offense. Finding no error, we affirm the district court's judgment.

On September 24, 2015, Jaillite pled no contest to one count of felony theft in Douglas County case 15CR360, which is the only case subject to this appeal. On November 2, 2015, the district court sentenced her to 9 months' imprisonment but granted probation for 12 months to be supervised by community corrections.

On November 1, 2016, an intensive supervision probation officer filed an affidavit alleging that Jaillite violated the conditions of her probation by committing misdemeanor

1

theft in Douglas County case 16CR1059. On January 12, 2017, Jaillite entered a plea in 16CR1059 and stipulated that she violated the conditions of her probation in 15CR360. The district court set the case over for disposition.

Jaillite's case was continued several times because she picked up several new charges in Douglas County. On July 11, 2018, the district court held a probation revocation disposition hearing in 15CR360 along with a sentencing hearing in five additional cases. In one of those cases, the district court imposed a presumptive sentence of 105 months' imprisonment for Jaillite's conviction of distribution of methamphetamine. In 15CR360, the district court revoked Jaillite's probation and ordered her to serve the original 9-month sentence but gave her jail credit for 270 days. The district court noted that the jail credit "zeros that out" and the court stated: "So she has no further obligations with respect to [15CR360]." The journal entry from the hearing stated: "Probation revoked. Original sentence imposed—time served."

Based on the disposition in district court, one would think that would have been the end of 15CR360. But on July 17, 2018, Jaillite's district court counsel filed a notice of appeal "from all adverse rulings made by the Judge during the course of trial and sentencing" in all her cases, including 15CR360. We have no way of knowing whether counsel discussed this decision with Jaillite before filing the notice of appeal. Then on the next day, district court counsel submitted an order withdrawing as Jaillite's counsel and appointing the appellate defender to represent Jaillite in her appeal.

On December 11, 2018, the Appellate Defender's Office (ADO) moved to docket Jaillite's appeal in 15CR360 out-of-time, which this court granted. Although some of Jaillite's district court cases were consolidated on appeal, the appeal in district court case 15CR360 was docketed separately. The docketing statement stated the issue on appeal as: "The court erred in revoking the defendant's probation." Also on December 11, 2018, perhaps because of the broad language of the notice of appeal, the ADO ordered

transcripts of all hearings in 15CR360. On December 20, 2018, the ADO filed a request for additions to the appellate record requesting that the district court "add to the record on appeal, EVERY DOCUMENT, numbered 1 through 39, listed in the attached Public Access Case Notes." As a result of the record request, the clerk of the district court prepared a 24-volume record on appeal, including 2 volumes of court files and 22 separate hearing transcripts of proceedings in district court. The transcripts covered all status conferences, bond hearings, continuance hearings, plea hearing, sentencing hearing, and probation revocation hearings in 15CR360.

After receiving four extensions of time to file a brief due to recognized caseload and to give counsel time to fully review the record on appeal, the ADO filed a motion for summary disposition of sentencing appeal under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We granted the motion for summary disposition, and the State filed no response. The motion asserts that the district court "abused its discretion by revoking probation in this case." The motion also asserts: "Because Ms. Jaillite was sentenced to a separate nearly nine-year prison sentence, revocation of probation in this case serves no rehabilitative purpose. The district court should have reinstated probation and allowed Ms. Jaillite to serve her additional prison sentence."

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

3

As Jaillite conceded at her hearing on July 11, 2018, the district court did not have to impose an intermediate sanction before revoking her probation because she committed a new crime while on probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A). As for Jaillite's argument on appeal that the district court should have reinstated her probation, such an order would have been an illegal sentence. As the court noted at the hearing, Jaillite completely served her sentence in 15CR360. Once a sentence of confinement has been completed, a defendant cannot be sentenced to probation. *State v. Kinder*, 307 Kan. 237, Syl. ¶ 4, 408 P.3d 114 (2018). In any event, the record reflects that Jaillite failed almost every condition of her probation and she was charged in five new criminal cases after being placed on probation in 15CR360. Jaillite stipulated to violating the conditions of her probation by committing a new offense. The district court's decision to revoke Jaillite's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Jaillite has failed to show that the district court abused its discretion by revoking her probation and sentencing her to time already served in 15CR360.

Affirmed.